IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| MICHAEL PORTER, | : | |
| Plaintiff | : | |
| VS. | : | |
| Sheriff ASHLEY PAULK, | : | NO. 7:06-CV-78 (HL) |
| Defendant | : | **O R D E R** |

Plaintiff **MICHAEL PORTER**, a detainee at the Lowndes County Jail in Valdosta, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.  Plaintiff also seeks leave to proceed without prepayment of the $350 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).  Based on plaintiff's submissions, the Court finds that plaintiff is unable to prepay the filing fee.  Accordingly, the Court **GRANTS** plaintiff's motion to proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).

It is hereby **ORDERED** that plaintiff's custodian or his designee shall set aside twenty percent (20%) of all deposits made to plaintiff's trust fund account and forward those funds to the Clerk each time the amount set aside exceeds $10, until the $350 filing fee has been paid in full.  28 U.S.C. § 1915(b)(2).  The Clerk of Court is directed to send a copy of this order to the business manager and the warden of the institution where plaintiff is incarcerated.

## I. STANDARD OF REVIEW

### A. *28 U.S.C. § 1915(e)(2)*

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by

prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

### B. General Requirements of 42 U.S.C. § 1983

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## II. BACKGROUND

Plaintiff, a pretrial detainee, alleges that officials at the Lowndes County Jail refused to provide him with proper medical treatment for a brown recluse spider bite. Plaintiff has named Sheriff Ashley Paulk as defendant in this case. Plaintiff has not explained what role, if any, Paulk played in denying plaintiff medical treatment. He does not allege that Paulk was even aware of his spider bite. Instead, plaintiff complains that "Paulk has a contract nursing service that handles the

inmates as to separate the Lowndes County Sheriff Department's obligations." Although the precise nature of plaintiff's allegations is unclear, plaintiff appears to sue Paulk in his supervisory capacity over the jail. Plaintiff also complains about the "cruel and unusual" conditions at the jail, specifically the "unsanitary" shower. Plaintiff believes that such conditions are deliberate attempts to force inmates "to plead guilty or accept whatever the courts offer just to get away from the jail." Plaintiff files this action seeking monetary damages.

## III. DISCUSSION

Plaintiff's complaints about the cruel and unusual conditions demonstrate nothing more than the fact that plaintiff is dissatisfied with the living conditions at the Lowndes County Jail. The Constitution, however, does not mandate that prisons be comfortable nor does it mandate that prisons provide every amenity that one might find desirable. ***Rhodes v. Chapman***, 452 U.S. 337, 349 (1981). All that is required is that prisons be humane. ***Farmer v. Brennan***, 511 U.S. 825, 832 (1994). Prison officials must provide all prisoners with the basic necessities of life, *i.e,*. food, clothing, shelter, sanitation, medical care, and personal safety. ***Hudson v. Palmer***, 503 U.S. 1 (1992). A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, "sufficiently serious," and (2) the prison official possesses a sufficiently culpable state of mind..[1] ***Farmer***, 511 U.S. at 834.

In the case at bar, plaintiff makes only vague allegations as to the unsanitary conditions, none

---

[1] "While the conditions under which a prisoner is held are subject to scrutiny under the Eighth Amendment, the conditions under which a pretrial detainee is confined are scrutinized under the Due Process Clauses of the Fifth and Fourteenth Amendments." ***Jordan v. Doe***, 38 F.3d 1559, 1564 (11th Cir. 1994). The analysis, however, is in all material respects the same for pretrial detainees and convicted prisoners. ***Aldridge v. Montgomery***, 753 F.2d 970, 972 (11th Cir. 1985). Thus, the Court will analyze plaintiff's claims under the Eighth Amendment.

of which are "sufficiently serious" enough to implicate the Constitution. Moreover, plaintiff fails to allege that he suffered any specific injury as a result of the unsanitary shower. As plaintiff does not allege that he suffered any adverse effects as a result of his living conditions, his generalized complaint does not state a claim for relief.

With regard to plaintiff's claim that he suffered a severe spider bite, plaintiff's complaint fails to allege any conduct by Paulk constituting deliberate indifference to plaintiff's serious medical needs. Plaintiff's claim against Paulk appears to be based on a theory of *respondeat superior* or supervisory liability. A supervisor, however, may not be held liable for the acts of his subordinates on the basis of *respondeat superior*. **Monell v. Department of Social Services of New York**, 436 U.S. 658, 691 (1978). Instead, "supervisory liability under § 1983 occurs either when the supervisor personaally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." **Cottone v. Jenne**, 326 F.3d 1352, 1360 (11th Cir. 2003). A causal connection may be shown: (1) if the supervisor is on notice of historical widespread abuse and fails to take corrective action, (2) the supervisor has a custom or policy that results in the alleged violation, or (3) if facts support "an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." *Id.* at 1360.

As already noted, plaintiff has not alleged that Paulk actually participated in plaintiff's medical treatment in any way. Plaintiff makes no allegations of any specific acts or omissions committed by Paulk, or that Paulk was responsible for a custom or policy that resulted in deliberate indifference to plaintiff's medical needs. Moreover, plaintiff does not allege any facts which might apprise Paulk of a constitutional deprivation and the need to correct it. Additionally, Sheriff Paulk

is protected by Eleventh Amendment immunity and is not subject to official-capacity damages claims.  *See Purcell v. Toombs County*, 400 F.3d 1313, 1325 (11th Cir. 2005).

## IV.  CONCLUSION

Based on the foregoing, the complaint against defendant Sheriff Ashley Paulk should be **DISMISSED** as being frivolous under 28 U.S.C. § 1915(e)(2).

**SO ORDERED**, this 28th day of AUGUST, 2006.

                                           **s/   Hugh Lawson**
                                           HUGH LAWSON
                                           UNITED STATES DISTRICT JUDGE

cr